UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Benjamin Heyward, #165514 ) | C/A No. 6:10-1112-JFA-KFM |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| Warden McKither Bodison, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

The *pro se* petitioner, Benjamin Heyward, is an inmate with the South Carolina Department of Corrections. He has filed this petition under 28 U.S.C. § 2254 challenging his state court conviction for kidnapping.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the court should grant the respondent's motion for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

Recommendation which was entered on the docket on July 20, 2011. The petitioner filed timely objections which the court will address herein.

## PROCEDURAL HISTORY

After a jury found him guilty on all charges, the petitioner was sentenced to 30 years imprisonment on the kidnaping charge, and life without parole on the assault with intent to commit first degree criminal sexual conduct (ACSC). Petitioner appealed his ACSC conviction, obtaining a reversal and remand from the South Carolina Court of Appeals.[3]

Petitioner then filed a state Post Conviction Relief petition (PCR) challenging his conviction for kidnapping. After losing at the both the trial and appellate court level, petitioner turned to this court with his present § 2254 petition.

## STANDARD OF REVIEW

### *Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of

---

[3] It appears that the State elected not to retry the petitioner on his ACSC conviction.

the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## The AEDPA and 28 U.S.C. § 2254

Petitioner filed his § 2254 petition in this court on April 24, 2010. Therefore, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") apply to this case. *See* 28 U.S.C. § 2244(d)(1). The respondent submits that petitioner's claims are exhausted either by virtue of their being appeals to the state's highest court or through technical exhaustion.

The standard of review to be applied "is quite deferential to the rulings of the state courts." Pursuant to the standards set forth in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication: (1) 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' 28 U.S.C. § 2254(d)(1); or (2) 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.' § 2254(d)(2)." *Burch v. Corcoran*, 273 F.3d 577, 583 (4th Cir. 2001).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. *Id.* Demonstrating that a state court's decision is unreasonable requires overcoming "a substantially higher threshold" than simply demonstrating error. *Schriro v. Landigran*, 550 U.S. 465, 473 (2007) (citing *Williams,* 529 U.S. at 410). "When assessing the reasonableness of the state court's application of federal law, the federal courts are to

4

review the result that the state court reached, not whether [its decision] [was] well reasoned."
*Larry v. Branker*, 552 F.3d 356, 365 (4th Cir.2009) (citing *Wilson v. Ozmint*, 352 F.3d 847, 855 (4th Cir. 2003)).

*Ineffective Assistance of Counsel*

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficiencies prejudiced his defense. *Strickland v. United States*, 466 U.S. 668, 687–692 (1984). The petitioner "must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct of the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . ." *Id.* at 689. As the *Strickland* Court observed:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable . . . [E]very effort [must] be made to eliminate the distorting effects of hindsight . . .

*Id*. at 689.

DISCUSSION

*Petitioner's Grounds for Relief*

Petitioner raises five grounds in his federal petition for writ of habeas corpus:

(1)  trial counsel was ineffective in allegedly conceding petitioner's guilt to the jury without prior consultation or consent from petitioner;

(2)  the PCR court unreasonably applied federal law in failing to apply a presumption of prejudice where trial counsel admitted petitioner's guilt to the jury without prior consultation or consent;

(3)  the PCR court erred in holding that trial counsel provided petitioner with effective assistance of counsel when viewing counsel's actions and inactions in totality;

(4)  the PCR court erred in holding that petitioner's appellate counsel provided effective assistance of counsel; and

(5)  the PCR court's ruling regarding petitioner's ineffective assistance of trial counsel claim involving the application of Miranda, was contrary to clearly established federal law as determined by the Supreme Court of the United States.

The petitioner's objections address Grounds 1 and 2 only. Thus, the court deems the petitioner to have abandoned his remaining Grounds 3 through 5 and this order will not address such claims.

*Grounds One and Two*

Because the first two Grounds are closely related, the Magistrate Judge's Report discusses them in tandem. First, the petitioner contends that trial counsel was ineffective in allegedly conceding petitioner's guilt to the jury without prior consultation or consent from petitioner; and secondly, the petitioner argues that the PCR court unreasonably applied federal law in failing to apply a presumption of prejudice where trial counsel admitted

6

petitioner's guilt to the jury without prior consultation or consent.

At trial, counsel for the petitioner stated the following during her opening statement:

> Because the evidence in this case is that, yes, Ms. Middleton was assaulted on that night. There is not doubt that she was physically assaulted, but she was not sexually assaulted. (App. at 89).

> Yes, there was an assault of some sort, and it was a physical assault. But it wasn't a sexual assault at all, and there is absolutely no way that he forced her into that car. (App. at 91).

During her cross examination of the victim, trial counsel asked the following question:

> Because isn't it true that that's where the assault occurred . . . (App. at 133).

During her closing argument, trial counsel stated the following:

> Just the fact that she was there and that he was assaulting her maybe physically is not enough to convict him of a sexual battery or an attempt to commit sexual battery. (App. at 247–48).

The Magistrate Judge agrees with the State PCR judge that the challenged statements by trial counsel quoted above were part of a valid trial strategy undertaken by petitioner's trial counsel. That is to say, it was undisputed that Middleton (the victim) had various physical injuries including choke marks on her neck. Additionally, the victim's blood was found on petitioner's shirt. While some of the injuries could be explained by her having jumped from a moving vehicle, the choke marks on the victim's neck remained a major obstacle for the petitioner to overcome in seeking an acquittal. Counsel had to account for the choke marks in some way, because without such, any defense would lack credibility,

7

especially in light of the evidence presented against the petitioner.

The PCR Judge therefore concluded that counsel made a valid strategic decision in attempting to "concentrate her efforts on convincing the jury that [the petitioner] should not be found guilty of [ACSC] as a result of the physical altercation between the petitioner and the victim rather than flatly denying that the petitioner caused at least some of the victim's injuries."  Moreover, the PCR judge explained that the petitioner also failed to show prejudice under *Strickland* because petitioner's PCR action only challenged his kidnaping conviction (the ACSC conviction having been vacated on direct appeal) and therefore trial counsel's admission that an assault took place was of "questionable applicability" to the conviction for kidnaping.

Petitioner also argues that *United States v. Chronic*, 466 U.S. 648 (1984) requires a presumption of prejudice to arise on the facts of this case because his trial counsel failed to subject the prosecution's case to "meaningful adversarial testing."

As the Magistrate Judge points out, the holding of *Chronic* has been undermined to some extent by *Florida v. Nixon*, 543 U.S. 175, 190–91 (2004) in which the Supreme Court declined to apply Chronic's presumption of prejudice where trial counsel in a capital case, without defendant's consent, admitted defendant's guilt as part of his trial strategy. In *Nixon*, the Supreme Court stated, in pertinent part:

> *Cronic* recognized a narrow exception to Strickland's holding that a defendant who asserts ineffective assistance of counsel must demonstrate not only that his attorney's performance was deficient, but also that the deficiency prejudiced the defense. *Cronic* instructed that a presumption of prejudice would be in order in "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." 466

8

> U.S., at 658. The Court elaborated: "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." *Id.* at 659; *see Bell v. Cone*, 535 U.S. 685, 696–697 (2002) (for *Cronic's* presumed prejudice standard to apply, counsel's "failure must be complete"). We illustrated just how infrequently the "surrounding circumstances [will] justify a presumption of ineffectiveness" in *Cronic* itself. In that case, we reversed a Court of Appeals ruling that ranked as prejudicially inadequate the performance of an inexperienced, under prepared attorney in a complex mail fraud trial. 466 U.S. at 662, 666.

*Nixon*, 543 U.S. at 190.

The same rationale applies to this case, according to the State PCR judge and the United States Magistrate Judge. Here, trial counsel faced a predicament in that she had to explain both the choke marks appearing on the victim's neck, and the fact that the victim's blood was found on petitioner's shirt. Counsel did admit that an assault took place, but did not admit that the petitioner committed either of the charged offenses. On this record, the Magistrate Judge concludes that trial counsel did subject the prosecution's case to "meaningful adversarial testing" and that the State PCR court correctly applied federal law and used the *Strickland* standard, rather than applying *Chronic'*s presumption of prejudice. Thus, the State Court's decision was not contrary to, nor did it involve an unreasonable application of clearly established federal law; and the decision was not based upon an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

Petitioner's objection memorandum is merely a reassertion of the arguments made to, and rejected by, the Magistrate Judge. Petitioner contends that his counsel was constitutionally ineffective for making damaging confessions during opening statement and

9

at other times throughout the trial, and that the State Court violated *Chronic* by failing to attach a presumption of prejudice to the facts of this case. As indicated in the discussion above, this court agrees with the Magistrate Judge's analysis of these issues.

For the foregoing reasons, the petitioner's objections are overruled; the Report and Recommendation is incorporated herein by reference; the respondent's motion for summary judgment (ECF No.) is granted; and the habeas petition is denied.

Because the petitioner has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[4]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.* (signature)

Joseph F. Anderson, Jr.
United States District Judge

September 12, 2011
Columbia, South Carolina

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).